

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

April 9, 1953

Hon. Garland A. Smith
Casualty Insurance Commissioner
Board of Insurance Commissioners
Austin 1, Texas

Opinion No. S-28

Re: Applicability of Sec. 35
of Art. 6701h, V.C.S., the
Assigned Risk Plan, to a
casualty insurance com-
pany writing insurance
only on motor buses and
motor trucks holding mo-
tor carrier permits from
Dear Sir:                                       the Railroad Commission.

        You have requested our opinion as to the applicability of
Section 35 of Article 6701h, Vernon's Civil Statutes, to a casualty insur-
ance company which confines itself to writing liability insurance on cer-
tificated motor bus and motor truck carriers. Section 35 of Article 6701h
provides for the Assigned Risk Plan, this section being a part of the Texas
Motor Vehicle Safety Responsibility Act. Pursuant to that section, you in-
form us that the Board of Insurance Commissioners approved a plan, ef-
fective January 1, 1952, calling for the assignment of less attractive risks
to casualty insurance companies in Texas. The Transport Insurance Com-
pany of Texas, a casualty insurance company which does not write liability
insurance other than on certificated motor bus and motor truck carriers,
has resisted participation in the plan and the acceptance of risks assigned
to it under the plan, and you therefore ask our opinion as to the following
two questions:

        "(1) Is the Transport Insurance Company required
    to participate in the plan even though it might provide no
    insurance on motor vehicles subject to assignment under
    the Act, and

        "(2) Must the Transport Insurance Company ac-
    cept assignments based on all of its Texas motor vehicle
    liability insurance premiums or only those premiums de-
    rived from motor vehicles subject to the Motor Vehicle
    Safety Responsibility Act."

Your letter informs us that the Transport Insurance Company of Texas is a casualty insurance company, and under the Insurance Code, such companies are authorized to issue motor vehicle liability policies in the State of Texas.

Sec. 35 of Art. 6701h, V.C.S., provides, in part, as follows:

"Sec. 35. Subject to the provisions of Section 9 of Article 4682b of Texas Revised Civil Statutes, insurance companies authorized to issue motor vehicle liability policies in this State may establish an administrative agency and make necessary reasonable rules in connection therewith, relative to the formation of a plan and procedure to provide a means by which insurance may be assigned to an authorized insurance company for a person required by this Act to show proof of financial responsibility for the future and who is in good faith entitled to motor vehicle liability insurance in this State but is unable to secure it through ordinary methods; and may establish a plan and procedure for the equitable apportionment among such authorized companies of applicants for such policies and for motor vehicle liability policies, including, but not limited to, voluntary agreements by insurance companies to accept such assignments. When any such plan has been approved by the Board of Insurance Commissioners, all insurance companies authorized to issue motor vehicle liability policies in the State of Texas shall subscribe thereto and participate therein." (Emphasis supplied).

Since the Transport Insurance Company of Texas is authorized to write liability insurance on any motor vehicle, under the clear and unambiguous language emphasized in the foregoing section, such company must subscribe to and participate in any plan approved by the Board of Insurance Commissioners, regardless of any company policy it may have as to writing certificated motor carriers or preferred or extra-hazardous risks. We, therefore, answer your first question to the effect that if the Transport Insurance Company of Texas is authorized under its charter to write liability insurance on motor vehicles in Texas, it is required to participate in the plan regardless of the risks it may be insuring under its presently existing company policy.

Your second question, however, relates to the assignment of risks to the Transport Insurance Company of Texas. You inquire whether this should be based on the premiums realized by the company on certificated motor carriers or on motor vehicles other than certificated motor carriers. In answering this question it is necessary to call to your attention the provisions of Sec. 33 of Art. 6701h, which provides, in part, as follows:

"This Act shall not apply . . . with respect to any motor vehicle which is subject to the requirements of Articles 911a (Sec. 11) and 911b (Sec. 13) of Texas Revised Civil Statutes; . . . "

From your letter it appears that the Transport Insurance Company is writing insurance only on motor carriers which have complied with the provisions of Art. 911a, Sec. 11, and Art. 911b, Sec. 13, V.C.S., by filing a bond or insurance policy with the Railroad Commission in amounts required by the Commission. This being true, the motor vehicles which the company insures are clearly excepted from the provisions of Art. 670lh by the unequivocal language pointed out in Sec. 33. If such motor vehicles are excepted from the provisions of the Act, clearly the premiums realized from liability insurance on such motor vehicles are likewise excepted from the application of the Act. The Board of Insurance Commissioners, therefore, under any plan of assigned risks which it has approved, could not legally require the assignment of risks to a casualty insurance company predicated upon premiums realized from certificated motor carriers, as such vehicles, and any insurance premiums thereon, are excepted from the operation of the Act. We therefore answer your second question to the effect that the Board of Insurance Commissioners may not approve a plan requiring the assignment of risks to a casualty insurance company predicated upon premiums realized solely from certificated motor bus and motor truck risks.

We further express no opinion as to the constitutionality of either Sec. 35 of Art. 670lh or of the plan approved by the Board thereunder.

## SUMMARY

A casualty insurance company authorized under its charter to write motor vehicle liability insurance is required to subscribe to and participate in the Assigned Risk Plan provided for under Art. 670lh, Sec. 35, V.C.S. Such company may not be compelled to accept risks predicated upon the premiums realized by the company on certificated motor bus and motor truck companies, which have complied with Art. 911a, Sec. 11, V.C.S., and Art. 911b, Sec. 13, V.C.S.

APPROVED:

C. K. Richards
Reviewer

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By _Dean J. Capp_
Dean J. Capp
Assistant